## THE TERRITORY OF HAWAII *v.* SAM APOLIONA, GEORGE KAEA, WILLIAM VIDA AND KEKIPI.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED MARCH 21, 1910.                    DECIDED MARCH 23, 1910.

HARTWELL, C.J., PERRY, J., AND CIRCUIT JUDGE ROBINSON IN PLACE OF DE BOLT, J.

EVIDENCE—*sufficient to support verdict.*
The evidence in this case held sufficient to support the verdict.

OPINION OF THE COURT BY PERRY, J.

The defendants were found guilty by a jury of the offense of "being present" on a day named "at a certain place" in Honolulu "where a certain gambling game was being carried on, to wit, seven-eleven, at which certain things of value, to wit, money, were lost and won." They except to the verdict on the ground that it was contrary to the law and the evidence and the weight of the evidence and also to the overruling of their motion for a new trial. The only question presented is whether or not there was evidence sufficient to support the verdict. Taylor, a witness for the prosecution, testified that on the day

named he saw the defendants seated around a table in the cellar of a building in Honolulu; that the entrances and approach to the cellar were so arranged as to make the latter difficult of access; that while approaching the cellar and before seeing the defendants he heard the jingling of money apparently from below, and also voices and the snapping of fingers and bones; that before entering the cellar he looked through an open trap door immediately above it and from that position saw the defendants seated around a table; that a blanket spread on the table had on it certain chalk marks and numbers representing what is known as the "field" in a crap game; that on the table he saw money, quarters and half-dollars; that he saw money thrown on the table and picked up and passed off; that at times the table would be clear and then again more money would be placed on it; that he saw dice there accompanied "by the noise of snapping fingers;" that he watched the game for almost a minute; that the game that the defendants were playing was seven-eleven; that he "could see hands reaching in and taking up money, later see two dice rolling across the table;" that as the witness entered the cellar he saw hands pick up the money and dice and that by the time he reached it the whole table was clear again and those in the room all started for the stairway and left; that he saw hanging on the end of the table something resembling a large field glass case but which on further inspection proved to be a "kitty-box, that is where the percentage of the game goes if you need money;" that there were coins in this box; that upon the witness saying to one of the defendants, "Well, Vida, I have got the kitty-box anyway," that defendant replied in part, "You haven't got it yet" and thereupon took hold of the witness and caused him to surrender the box; that seven-eleven is a gambling game in which money is won and lost.

The statute under which the defendants are charged (R. L., Sec. 3175) is as follows:

Territory v. Apoliona, 20 Haw. 109.

"Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts either as owner or employee, whether for hire or not, any game of faro, monte, roulette, tan, fan tan, or any banking or percentage game with cards, dice or any devices for money, checks, credit or any representative of value or any other game in which money or anything of value is lost or won, and every person who plays or bets at or against any such prohibited game or games, and every person present where such game or games are being played or carried on, is guilty of a misdemeanor."

It is contended on behalf of the defendants that in order to support a conviction it was necessary to show that the game testified to was a banking or percentage game. This contention is without merit. The language of the statute plainly includes within its prohibition every "other game in which money or anything of value is lost or won," irrespective of whether or not it is a banking or percentage game. The evidence was sufficient to permit of a finding by the jury that a game was being played and that it was one at which money was lost and won and also, although this need not have been proved, that it was a percentage game.

Three of the defendants and two other witnesses testified for the defense to the effect that no gambling was going on at the time of Taylor's visit. This merely raised an issue of credibility and does not affect the sufficiency, as a matter of law, of Taylor's testimony to support the verdict.

The exceptions are overruled.

*A. Lindsay, Attorney General, J. W. Cathcart, City and County Attorney, and F. W. Milverton, Deputy City and County Attorney,* for the Territory.

*J. Lightfoot* for defendants.