## PIONEER MILL COMPANY, LIMITED *v.* VICTORIA WARD, ET AL.

### No. 2540.

FILED AUGUST 22, 1945.          DECIDED SEPTEMBER 7, 1945.

KEMP, C. J., PETERS AND LE BARON, JJ.

*Per Curiam.* On August 22, 1945 the petitioner-appellee filed a motion to dismiss the appeal filed on March 11, 1943 by Victoria Ward, Limited, and V. Kathleen Ward. The motion is grounded on the claim that this court has no jurisdiction of the appeal because the decree from which the appeal was taken was rendered not only against the appellants but also against various other parties named in the motion and the appellants did not use the names of the other persons against whom said decree was rendered and did not serve those other persons (except E. R. Bevins, guardian ad litem, and petitioner-appellee) who did not join in the appeal, and who could be found within the Territory of Hawaii, with a copy of the notice of appeal as required by Revised Laws of Hawaii 1935, section 3502, then in effect.

On August 28, 1945 we entered an order denying the motion to dismiss the appeal, and this opinion is being written to set forth our reasons for denying the motion.

The following are the pertinent facts:

In 1930, when this suit for petition was commenced, two sets of minors were made parties respondent and duly served with summons. The petitioner alleged that said minors were the owners of an undivided interest in the land which it sought to have partitioned. The guardian of one set of the minors (the three Kukeas) was also made a party respondent and duly served with summons. No answer was filed or other appearance made by or on behalf of these minors or their guardian and at the first trial in 1935 they were declared to be in default and a decree *pro confesso* was entered against them. The other set of minors (the eight Kaleiwaheas) being without a guardian, E. R. Bevins, Esquire, was appointed guardian ad litem to represent them and did represent them at the first trial. One other respondent, Thomas Duncan, it is admitted was then and still is absent from the Territory. The only service of summons upon him was by publication. He did not answer, otherwise plead or appear, and he was declared to be in default and a decree *pro confesso* was entered against him.

The decree then entered was reversed by this court and the cause remanded with instructions to the circuit court to take further proceedings consistent with our opinion. (34 Haw. 686.)

After the remand the fact that only two of the eight Kaleiwaheas theretofore represented by E. R. Bevins, their guardian ad litem, were then minors was called to the attention of the court whereupon E. R. Bevins, by order entered on July 16, 1941, was appointed guardian ad litem of the two minors "to represent them in the above entitled Court and cause in all matters and in every other court to

which the above entitled cause may be taken whether by appeal or otherwise."

The six Kaleiwaheas who had become of age did not appear either in person or by counsel at the second hearing and the decree entered at the conclusion of the second trial, from which this appeal was taken, recites that "Publication of the Summons in this case was made as provided by law and the order of this Court, in addition to personal service on the Respondents, and those Respondents who did not appear, plead or answer to the Petition are in default and a Decree Pro Confesso is hereby entered against all Respondents who failed to appear."

On March 6, 1943, when the decree now appealed from was entered, the parties were the petitioner Pioneer Mill Company, Limited, and the respondents Victoria Ward, Limited, Victoria Kathleen Ward, the three Kukea minors and their guardian, the eight Kaleiwaheas (two of whom were minors represented by their guardian ad litem E. R. Bevins), and Thomas Duncan, absent from the Territory. All other parties named in the pleadings had conveyed their interest in the lands to be partitioned either to Pioneer Mill Company, Limited, or Victoria Kathleen Ward.

The appeal and notice of appeal was filed in the circuit court on March 11, 1943. Receipt of a copy thereof was acknowledged on the same day by counsel of record for petitioner, the present movant. Also on March 11, 1943 a copy of the notice of appeal was mailed to E. R. Bevins, guardian ad litem. No other parties were served with the notice of appeal.

The record on appeal reached this court on May 14, 1943.

The appellee, the present movant, entered into various stipulations with the appellants extending time to both the appellee and the appellants for the filing of briefs and ultimately a stipulation waiving oral argument and submitting the case on the briefs.

Our opinion was filed on June 1, 1945 and the present motion was filed August 22, 1945.

Two sections of our statutes are involved. They are sections 3501 and 3502, Revised Laws of Hawaii 1935.

So much of section 3501 as is pertinent follows: "Appeals shall be allowed from all decisions, judgments, orders or decrees of circuit judges in chambers, to the supreme court, except in cases in which the appellant is entitled to appeal to a jury, whenever the party appealing shall file notice of his appeal within five days, and shall pay the costs accrued, and deposit a sufficient bond in the sum of fifty dollars, conditioned for the payment of the costs further to accrue in case he is defeated in the appellate court, or money to the same amount, within ten days after the filing of the decision, judgment, order or decree appealed from; * * *

"SEC. 3502. SEVERANCE; title of cause. In case the decision, judgment, order or decree sought to be reviewed was rendered against two or more persons either or any of such persons may appeal therefrom, and for that purpose shall be permitted to use the names of all such persons. The appellant shall serve those of such persons who have not joined in the appeal and who can be found within the Territory, with a copy of the notice of appeal. Such persons shall be entitled to be heard in the supreme court. All such cases shall be determined as if all such persons had joined in the appeal, but no costs shall be taxed against any such persons who did not join in the appeal nor ask to be heard in the supreme court. The order of names of parties shall be the same in the supreme court as in the circuit court."

Section 3501 was enacted in 1892 and 3502 in 1919 and were first construed together by this court in *Laupahoehoe S. Co.* v. *Lalakea,* 27 Haw. 682. In that case it was held that under our statute it is the filing in court of the notice

of appeal which is the effective appellate act giving this court the power to review the particular decree complained of and that service of a copy of notice of appeal required by the Act of 1919 (R. L. H. 1935, § 3502) is not jurisdictional but is merely a matter of procedure, and that whether in a particular instance the failure to serve a copy should result in a dismissal of the appeal is to be determined as a matter of discretion in view of all the surrounding circumstances.

In *Lalakea* v. *Laupahoehoe S. Co.*, 35 Haw. 262, it was held that on appeal to the supreme court from a final decree of a circuit judge at chambers in partition, parties against whom defaults and decrees *pro confesso* have been entered are not appellees under the provisions of Revised Laws of Hawaii 1935, section 3501, nor are they persons against whom a decree was rendered, nor persons who have not joined in the appeal within the meaning of Revised Laws of Hawaii 1935, section 3502, and that service on appellees or on nonjoining parties of a copy of the notice of appeal is not essential to the jurisdiction of the supreme court to review the decree appealed from.

On the authority of the foregoing two cases, we hold that the only parties entitled to service of notice of the appeal in this case were the two Kukea minors, through their guardian ad litem, and the petitioner Pioneer Mill Company, Limited, defaults and decrees *pro confesso* having been entered against all other parties who did not join in the appeal.

Section 3502 provides that in case the decree sought to be reviewed was rendered against two or more persons either or any of such persons may appeal therefrom and "for that purpose shall be permitted to use the names of all such persons." The language of this statute permits but does not require the use of the names of nonappealing parties. "Permitted" is defined as follows: "That is allowed; not prohibited." (Webster's New International Dic-

tionary, 2d ed.) The provision of the same section relative to service of a copy of the notice of appeal on parties who have not joined in the appeal is that "The appellant shall serve" such persons with a copy of the notice of appeal and, as we have seen, this court has twice held that a failure to comply therewith does not deprive this court of jurisdiction to review the decree appealed from. The provision of section 3502 permitting the use of the names of all nonappealing parties, being permissive instead of mandatory failure of an appellant to use the names of such parties cannot deprive this court of jurisdiction to review the decree appealed from.

The sole purpose of section 3502 is to prescribe the procedure for effecting a severance where less than the whole number against whom the decree was rendered joined in the appeal. The statute permits but does not require those who prosecute the appeal to use the names of all of the parties against whom the decree was rendered. The severance is effected by serving the notice of appeal on all such parties who have not joined in the appeal. (*Lord* v. *Lord,* 35 Haw. 10.)

In this case the notice of appeal was served on all nonappealing parties except those who were defaulted and against whom a decree *pro confesso* was entered. The appeal and severance statutes, as heretofore construed by this court, were fully complied with and the motion to dismiss the appeal is therefore denied.

*H. Edmondson,* of *Smith, Wild, Beebe & Cades,* for the the motion.

*M. K. Ashford,* contra.