**PIONEER MILL CO., Limited, v. VICTORIA WARD, Limited, et al.**

**No. 11216.**

Circuit Court of Appeals, Ninth Circuit.

Nov. 14, 1946.

Rehearing Denied Dec. 11, 1946.

Writ of Certiorari Denied March 17, 1947.

See 67 S.Ct. 979.

Harry Edmondson, and Smith, Wild, Beebe & Cades, all of Honolulu, T. H., for appellant.

Marguerite K. Ashford, of Kaunakakai, Molokai, T. H., and Robert M. Searls, of San Francisco, Calif., for appellee Victoria Kathleen Ward.

Phil Cass, of Honolulu, T. H., for appellee, Victoria Ward, Ltd.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a decision and judgment of the Supreme Court of Hawaii

in a suit for the partition of real property, Pioneer Mill Co. v. Ward, 37 Haw. 74. The underlying question posed is whether the property is susceptible of partition in kind without prejudice to the cotenants.

The land in suit comprises six noncontiguous parcels, aggregating about 195 acres, scattered along the valley of the Honokowai river from the sea to the mountains. Three of them border on that stream. The parcels, which differ from each other greatly in area, character and value, are embraced within the exterior limits of a 10,000 acre sugar plantation owned by appellant.

For twenty years appellant leased the tracts from the then owners, under a contract containing the covenant that the lessee would at the end of the term surrender the premises "with the improvements" to the lessors or their representatives. This lease expired in 1916, but appellant continued to hold over after the term. Shortly before the expiration date the Lahaina Agricultural Company, an almost wholly owned subsidiary of appellant, embarked on negotiations for the purchase of the parcels; but it was not until 1919 that Lahaina was successful in purchasing any interest in the land. During this three-year period appellant erected improvements on one of the parcels and constructed a water tunnel several hundred feet below the surface of the parcel known in this litigation as Lot 7. The tunnel, which has its intake at the Honokowai River at a point some distance above Lot 7, diverts the entire flow of that stream and discharges it below Lot 7 on lands owned by appellant in severalty.

Appellant had incorporated the Lahaina Company as a land holding company because of a then existing prohibition of the Hawaiian Organic Act against the ownership by corporations of more than a thousand acres. Section 55, 48 U.S.C.A. § 562 note. Subsequent to the repeal of this provision Lahaina transferred to appellant the interests it had purchased, and was then dissolved. In 1930, at which time appellant owned a 716/896ths interest in the property,[1] it filed in the territorial circuit court its bill for partition. In an amendment to the bill it was alleged that appellant and its predecessor, Lahaina, had long been in possession of the lands and had made extensive improvements thereon, including buildings, railroads, tunnels and other water conduits, under the honest belief that appellant or Lahaina had acquired title to all of the lands or the right to acquire such title. Partition in kind was asked and it was prayed that the portions of the land which appellant had improved be set apart to it. In their answer the opposing owners denied the allegation of good faith, asserted that the lands were not susceptible of partition in kind, and asked that they be sold and the proceeds partitioned. They further asserted that appellant had deprived certain of the lands of water rights to which they were anciently entitled.

The circuit court found the facts to be as alleged by appellant, decreed that all improvements, including the water tunnel mentioned above, were the sole property of appellant, and ordered a partition in kind with directions to its commissioner to set off to appellant, so far as practicable, the land upon which the improvements had been made. On appeal (Pioneer Mill Co. v. Ward, 34 Haw. 686) the Supreme Court, viewing the Lahaina Company as a legal entity entirely separate from appellant, held that neither the negotiations nor the purchases of Lahaina conferred any rights on appellant in the lands or improvements. Appellant was determined to have been merely a holdover tenant under the expired lease, hence the improvements it had made while holding over were subject to the terms of the lease, that is, they became the property of the parties as tenants in common to the extent of their respective interests.[2] The Court thought the finding that the lands were susceptible of partition in kind must be reconsidered in the light of its determination that appellant was not the sole owner of the improvements. In reversing the decree it directed the exam-

---

[1] Appellant later acquired some further interests and amended its bill accordingly. Its present interest is about ⅞ths of the property.

[2] Appellant now attacks this holding as error, but since no appeal was taken we do not regard the decision as reviewable here.

ination below of the question of water rights raised by the answer. From this judgment no appeal was taken.

Upon remand of the cause appellant undertook to reopen the issue of ownership of certain of the structures and improvements. By amendment to its petition it alleged that its title to rights of way for the railroads and to the tunnel under Lot 7 had been confirmed and registered in 1920 by the territorial land court in a proceeding instituted by Lahaina. Allowing the amendment, the circuit court held that certain of the cotenants were estopped by the land court decree to deny appellant's rights of way for the railway and the tunnel. A partition in kind was again ordered, with directions to the commissioner to set off to each of the parties such portions of the land as might have peculiar value to him. Except as to a portion of one parcel (Lot 5), the lands were held not entitled to an ancient water right. The commissioner reported that the interest of all parties other than appellant could best be served by subdividing and distributing to them as their shares portions of a parcel containing about 27 acres, located on the beach, and described here as Lot 1.[3] The commissioner's determination had the approval of the court.

On the appeal from this decree taken by two of the smaller owners the primary issue was whether the court had erred in determining that the lands were partible in kind without prejudice to the owners, within the purview of § 12,456, Revised Laws of Hawaii 1945, § 4746, 1935 Laws.[4]

The Supreme Court, citing Brown v. Holmes, 19 Haw. 268, and Brown v. Cornwell, 20 Haw. 457, as well as general authorities, said that, "the generally accepted test of whether a partition in kind would result in great prejudice to the owners is whether the value of the share of each in case of a partition would be materially less than the share of the money equivalent that could probably be obtained for the whole." Pioneer Mill Co. v. Ward, 37 Haw. 74, 87. The Court observed that in the case before it, where one cotenant owns ⅞ths of the property and fourteen other persons own but ⅛th among them, all elements of the situation should be carefully scrutinized. Among these elements, it said, are the fact that the land is not of uniform character or value, that it is situated at a considerable distance from settled communities, that it is surrounded by a large plantation owned by the cotenant possessing the largest undivided share, that one of the minority cotenants of ample financial ability intends to bid and had expressed a sentimental interest in the ownership of the area as a whole, and that, apparently, there was no available water for the portions to be set aside for the persons owning small interests. Looking at the situation as a whole the Court was of opinion that the parcels to be alloted to the parties other than appellant would be too small to be used or advantageously sold by them. It was accordingly held that a sale should have been ordered.[5]

On the point of the ownership of the railroad right of way and the water tunnel

[3] The largest area thus assigned to any party other than appellant was a parcel of 5.553 acres to Victoria Kathleen Ward. The smallest area was 0.144 acres set off for eight members of the Kaleiwahea family as tenants in common.

[4] Under this section the court is given authority "to divide and allot portions of the premises to some or all of the parties and order a sale of the remainder, or to sell the whole thereof, where for any reason the partition thereof in kind would be impracticable in whole or in part or be greatly prejudicial to the parties interested. * * *"

[5] A further holding was that the question of water rights had not received proper treatment in the circuit court. The 27-acre parcel, described as Lot 1, and constituting a "house lot," was said,

under Hawaiian law, to be probably entitled to water for domestic use, whether or not entitled to water for irrigation. It was thought, however, that the question could not be conclusively determined in the partition proceedings because the owners of all other lands abutting on the Honokowai River would be necessary parties. The decree, insofar as it purported to settle the water rights, was reversed so that the issue might remain open for adjudication in event proper proceedings should be instituted to that end. This aspect of the Supreme Court's judgment does not appear to be open to serious question, consult Carter v. Territory of Hawaii, 24 Haw. 47, 66; Territory of Hawaii v. Gay, 31 Haw. 376, 395.

the Court found the circuit judge in error in his ruling as to the effect of the land court decree. A careful reading of that decree, the Court said, shows that it dealt only with the interest of the applicant, Lahaina, and did not purport to settle conflicting claims between the Pioneer Mill Company (appellant) and other respondents in that proceeding. It was pointed out that though certain of the respondents had filed answers in the proceeding, Pioneer did not contest Lahaina's petition and filed no pleadings. Assuming, contrary to In re Rosenbledt, 24 Haw. 298, 308, that the statute authorized the entry of decrees by the land court in respect of easements owned by persons other than the applicant, the Court concluded that in any event the land court was without jurisdiction to confirm and register title of a party not even entering an appearance. "Certain it is," said the Court, "that the land court did not have jurisdiction to register, and did not purport to register, the title of Pioneer Mill Company, Limited, in and to said asserted easements for right of way." (37 Haw. 95.) The Court observed that the question of title to improvements had been disposed of on the former appeal, but that regardless of the prior disposition the land court decree had no effect upon the issue of title.

■ On the appeal here appellant's specifications of error deal for the most part with various aspects of its claim that the property is susceptible of partition in kind without prejudice to the cotenants, and that a sale would be highly inequitable to it, particularly because of the nuisance value of the segment of the water tunnel passing under Lot 7. Other objections relate to the Court's disposition of the subject of water rights, already sufficiently discussed in footnote 5 above, and to the effect of the decree in the land court proceeding. It is clear that these specifications present questions of local law only. Our power to reverse rulings of the territorial court on law or fact is limited to cases of manifest error, Waialua Agr. Co. v. Christian, 305 U.S. 91, 109, 59 S.Ct. 21, 83 L.Ed. 60.

■ Possibly some inequity may be done appellant in consequence of a sale, but the alternative course, as the Court obviously thought, would leave the small owners at the mercy of appellant. On a balancing of the equities the requirement of a sale was a just disposition of the controversy and one amply supported by the statutes and decisions of the Territory. It is argued that the circuit court's decision of the factual question of partibility in kind should not have been overridden on appeal. But the resolution of that problem involved more than the determination of a naked question of fact. Involved also were the legal and equitable principles appertaining to the facts. Moreover, on equity appeals the territorial Supreme Court has authority to review the entire record and to make its own findings of fact as well as rulings of law. Revised Laws of Hawaii 1945, § 9505; Manufacturers Life Insurance Co. v. von Hamm-Young Co., 34 Haw. 288, 303; Robinson v. McWayne, 35 Haw. 689, 739.

Nor are we able to say that the Court was manifestly wrong in its interpretation of the land court decree. Its disposition of this phase of the litigation has support in In re Rosenbledt, supra. It is argued that the Rosenbledt decision was impliedly overruled in Land Title, Bishop Trust Co., 35 Haw. 816; but the local law on the subject is by no means clear enough to enable us to pronounce confidently concerning it.

■ One point remains to be noticed. The appeal from the circuit court decree was taken by Victoria Ward, Ltd., and V. Kathleen Ward only. Certain of the smaller owners, against whom decrees pro confesso had been taken, were not named in or served with the notice of appeal. Subsequent to the decision of the Supreme Court, Pioneer moved in that court to dismiss the appeal, asserting that the named defects were fatal to the jurisdiction. The motion was grounded on § 3502 Revised Laws of Hawaii 1935, now § 9504, R.L.H. 1945. The Court declined to dismiss. Its opinion setting forth its reasons is reported in 37 Haw. 165 under the title of Pioneer Mill Co. v. Ward et al. In denying the motion the Court relied on two earlier cases, Laupahoehoe Sugar Co. v. Lalakea, 27 Haw. 682, and Lalakea v. Laupahoehoe Sugar Co., 35 Haw. 262. These cases con-

strue the applicable statutes. They afford ample authority for the holding that, in the circumstances here present, the procedural infirmities belatedly pointed out by Pioneer do not deprive the Court of jurisdiction to entertain the appeal.

Affirmed.