## ALFORD v. TERRITORY OF HAWAII.

### No. 13519.

United States Court of Appeals
Ninth Circuit.
June 29, 1953.

Thomas P. Gill, Honolulu, T. H., Louis Most, Beverly Hills, Calif., for appellant.

Robert E. St. Sure, Public Prosecutor, City and County of Honolulu, James H. Kamo, Asst. Pub. Pros., Honolulu, T. H., for appellee.

Before DENMAN, Chief Judge, HEALY, Circuit Judge, and JAMES M. CARTER, District Judge.

JAMES M. CARTER, District Judge.

Appellant was tried before a judge sitting without a jury on an indictment containing five counts of pimping under section 11676, Rev.Laws of Hawaii 1945, as amended by Act 26 of the Session Laws of Hawaii 1949; was found guilty of each of the counts and sentenced to five years in Oahu prison. On appeal to the Supreme Court of Hawaii,

that court, by written opinion, Territory of Hawaii v. Alford, 1952, 39 Haw. 460, affirmed the conviction. Appellant appeals to this court.

Appellant's claim of error may be summarized as follows:

(1) The Supreme Court of Hawaii erred in holding there was evidence to sustain the essential elements of the charge, namely, inducing, compelling and procuring a female to practice prostitution during the times set forth in the indictment;

(2) The Supreme Court of Hawaii erred in upholding the conviction in that evidence was received and appellant was convicted of a charge not made by the indictment, namely, receiving money without consideration from a woman engaged in prostitution;

(3) The Supreme Court of Hawaii erred in upholding the conviction in that the only evidence received as to inducement, compulsion and procurement related to a time prior to his marriage to the principal witness against him, and prior to a period within the statute of limitations;

(4) The Supreme Court of Hawaii erred in upholding the conviction when the only relevant evidence received was the testimony of appellant's wife to events occurring before and during the marriage, and that she was not a competent witness against her husband.[1]

The jurisdiction in this court is set forth in 28 U.S.C.A. § 1293 [2] and is limited in criminal matters to cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder. " * * * our jurisdiction to review the action of the Hawaiian courts * * * is a narrow one. * * * The question is what standards of fundamental fairness * * * are required by the Fifth Amendment, and whether those standards were

1. Points 3 and 4 are Assignments of Error 3 and 4 (R. p. 31). They were grouped together in appellant's brief as Point 3. We will treat them separately herein.

2. "§ 1293. Final decisions of Puerto Rico and Hawaii Supreme Courts

"The courts of appeals for the First and Ninth Circuits shall have jurisdiction of appeals from all final decisions of the supreme courts of Puerto Rico and Hawaii, respectively, in all cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs. June 25, 1948, c. 646, 62 Stat. 929."

here complied with. * * * we note that the requirements are the same as those of the Fourteenth Amendment * * *." [3] Palakiko v. Territory of Hawaii, 9 Cir., 1951, 188 F.2d 54 at page 60.

"Our power to reverse rulings of the territorial court on law or fact is limited to cases of manifest error". Pioneer Mill Co. v. Victoria Ward, 9 Cir., 1946, 158 F.2d 122, 125, certiorari denied 330 U.S. 838, 67 S.Ct. 979, 91 L.Ed. 1285.

In view of the limited scope of our review of a decision of the Supreme Court of Hawaii, we accordingly test appellant's specifications of error and contentions against the above principles.

## I.

■ The evidence clearly sustained the conviction. Since we discuss the question of evidence under Point 3, we will not here labor the record with it.

## II.

■ Appellant's Point 2 is hardly worthy of notice. Regardless of what theory the prosecutor thought he was proceeding upon, the record shows the appellant was indicted, tried and convicted of inducing, compelling and procuring a female to practice prostitution with the intent thereby to obtain and secure from the female a portion of the gain so earned by her, based on the second clause of § 11676, Rev.Laws of Hawaii 1945, as amended by Act 26 of the Session Laws of Hawaii 1949. The fourth clause of the Statute provides that "whoever knowingly * * * receives * * * money * * * without consideration, from a prostitute .* * * shall be deemed a procurer or pimp * * *."

Although the prosecutor initially stated he was proceeding under this clause, the trial court forthwith corrected him and no one was misled. There is no merit to the point.

3. Cf. Young v. Territory of Hawaii, 9 Cir., 160 F.2d 289; Fukunaga v. Territory of Hawaii, 9 Cir., 33 F.2d 396, certiorari denied 280 U.S. 593, 50 S.Ct. 39, 74 L.Ed. 641; Kimbrel v. Territory of Hawaii, 9 Cir., 41 F.2d 740. See also,

## III.

Appellant contends that the only evidence of inducing, compelling or procuring, related to a time prior to his marriage with the prosecution witness and prior to a period within the statute of limitations. The indictment was returned March 1, 1951 and referred in separate counts to different periods of time between October 1, 1949 and July 15, 1950. It is conceded that there exists a two-year Statute of Limitations. Offenses committed before March 1, 1949 would be barred by the statute.

A. All five counts allege the offense was committed within the statutory period.

B. There was proof of inducing and procuring *within* the statutory period.[4]

Edna Rodriques met appellant about March 1946. From July 1946 she lived with him, marrying him on December 23, 1948. In August 1946 he persuaded her by threats and promises to enter the practice of prostitution.

Prior to the statutory period he had promised her a home, a car and jewelry if she would engage in prostitution. During the statutory period he furnished her a car registered in his name. Obviously, if she refused to continue with prostitution he could have taken away the car. During the statutory period he purchased airplane tickets for her flights to other islands to practice prostitution. He drove her to the airport and met her on her return. She turned her earnings over to appellant, keeping a small portion for her needs. He informed her how to forward the money to him when she was working in the neighboring islands, and she regularly forwarded it to appellant. The court believed the wife; and .appellant's testimony was unsatisfactory. There is no lack of due process or manifest error in a conviction based on such facts.

Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L. Ed. 1492.

4. We here assume the testimony of the wife was competent evidence. We consider the question under Point 4.

■ C. The evidence as to the events occurring prior to the statutory period were admissible to show the inception of the practice carried on by appellant and his wife, and to show the beginning of the chain of events or transactions which carried through into the statutory period. The inference was clearly available to the trial judge that if the wife started to practice prostitution because of the threats and promises of appellant and so carried on because of the threats and promises until the beginning of the statutory period (March 1, 1949) that she carried on the practice thereafter within the statutory period pursuant to the previous threats and promises.

The fact that such evidence also showed other crimes committed by appellant prior to the statutory period does not make it inadmissible if the evidence bears on plan, motive or intent of the appellant. Territory of Hawaii v. Abellana, 38 Haw. 532.

■ D. In any event the facts show the guilt of appellant so clearly that even if such evidence of events beyond the statutory period were inadmissible, there could be no miscarriage of justice in this case.

### IV.

The use of appellant's wife as a witness against him was not error. The Supreme Court of Hawaii has extensively answered this contention in this case, Alford v. Territory of Hawaii, 39 Hawaii 460.

■ We are not empowered to say what the rules of evidence should be in Hawaii. Palakiko v. Territory of Hawaii, supra.

■ We find no lack of fundamental fairness—the essence of due process—or manifest error in permitting the wife to testify that appellant husband induced, compelled and procured her to practice prostitution.

The many Federal cases which hold that the wife is a competent witness against her husband in a Mann Act prosecution, although not directly speaking to the due process problem, are all authorities that the courts saw no fundamental unfairness in the use of such testimony against a defendant.[5]

The judgment is affirmed.

---

5. United States v. Rispoli, D.C.Pa.1911, 189 F. 271; Pappas v. United States, 9 Cir., 1917, 241 F. 665; Denning v. United States, 5 Cir., 1918, 247 F. 463; United States v. Mitchell, 2 Cir., 1943, 137 F.2d 1006, affirmed on rehearing 138 F.2d 831, certiorari denied 321 U.S. 794, 64 S.Ct. 785, 88 L.Ed. 1083; Levine v. United States, 5 Cir., 1947, 163 F.2d 992; Hayes v. United States, 10 Cir., 1948, 168 F.2d 996; Shores v. United States,

8 Cir., 1949, 174 F.2d 838, 11 A.L.R.2d 635. See: Cohen v. United States, 9 Cir., 1914, 214 F. 23, certiorari denied 235 U.S. 696, 35 S.Ct. 199, 59 L.Ed. 430; Yoder v. United States, 10 Cir., 1935, 80 F.2d 665; Thouvenell v. Zerbst, 10 Cir., 1936, 83 F.2d 1003. Cf. Funk v. United States, 1933, 290 U.S. 371, 54 S.Ct. 212, 78 L.Ed. 369; Wolfle v. United States, 1934, 291 U.S. 7, 54 S.Ct. 279, 78 L.Ed. 617.