**David NAUMU, Appellant,**

v.

**TERRITORY OF HAWAII, Appellee.**

**No. 16393.**

United States Court of Appeals
Ninth Circuit.

Dec. 21, 1959.

Hyman M. Greenstein, Robert A. Franklin, Honolulu, Hawaii, for appellant.

John H. Peters, Prosecuting Atty., Frederick J. Titcomb, Deputy Prosecuting Atty., Honolulu, Hawaii, for appellee.

Before BARNES, JERTBERG and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

Naumu appeals from a judgment of the Supreme Court of the Territory of Hawaii affirming judgment of the District Court of Honolulu, by which he has been adjudged guilty of the crime of having, on February 5, 1957, conducted a gambling game.

The game involved was a pinball machine. Upon the attainment of a certain score, the player was awarded free games.

Naumu contends that the operation of such a game is not a violation of the gambling statute of the Territory of Hawaii [1] for the reason that a free game cannot be regarded as a thing of value under the language of that statute [2] and that the Supreme Court of the Territory of Hawaii was in error in its construction of the statute in this respect. Further, he contends that the statute, as construed by the Hawaii court and as applied to him, is void under the Fourteenth Amendment to the Constitution of the United States because of indefiniteness and uncertainty.

Our jurisdiction under 28 U.S.C. § 1293 [3] is here founded upon the fact that a constitutional issue is presented. Naumu suggests that, jurisdiction having been thus conferred, we may consider not only the constitutional issue itself but also the propriety of the construction which Hawaii has placed upon its own statute. This proposition we must reject. Pae v. Stevens, 9 Cir., 1958, 256 F.2d 208; Alford v. Territory of Hawaii, 9. Cir., 1953, 205 F.2d 616; Young v. Territory of Hawaii, 9 Cir., 1947, 160 F.2d 289; Pioneer Mill Co. v. Victoria Ward, 9 Cir., 1947, 158 F.2d 122. Cf. Waialua Agricultural Co. v. Christian, 1938, 305 U.S. 91, 59 S.Ct. 21, 83 L.Ed. 60; Murdock v. City of Memphis, 1875, 20 Wall. 590, 22 L.Ed. 429.

Accordingly, our inquiry shall be limited to the constitutional issue. In this respect Naumu relies upon Connally v.

1. "Playing prohibited games. Every person who deals, plays, or carries on, opens or causes to be opened, or who conducts either as owner or employee, whether for hire or not, any game of faro, monte, roulette, tan, fan tan, or any banking or percentage game played with cards, dice or any device for money, checks, credit or any representative of value or any other game in which money or anything of value is lost or won, and every person who plays or bets at or against any such prohibited game or games, and every person present where such game or games are being played or carried on, is guilty of a misdemeanor." Revised Laws of Hawaii (1945) § 11343.

2. The Supreme Court of Hawaii in this case followed its earlier holding in Territory v. Uyehara, 1958, 42 Haw. 184, to the effect that a free game on a pinball machine was a thing of value under its gambling statute. This case is the first to come to this Court, however.

3. "The courts of appeals for the First and Ninth Circuits shall have jurisdiction of appeals from all final decisions of the supreme courts of Puerto Rico and Hawaii, respectively in all cases involving the Constitution, laws or treaties of the United States or any authority exercised thereunder, in all habeas corpus proceedings, and in all other civil cases where the value in controversy exceeds $5,000, exclusive of interest and costs."

**570**

General Construction Co., 269 U.S. 385, 393, 46 S.Ct. 126, 128, 70 L.Ed. 322, where it was stated:

> "The crime, and the elements constituting it, must be so clearly expressed that the ordinary person can intelligently choose, in advance, what course it is lawful for him to pursue."

■ We regard this contention as without merit. There can be no doubt of the intent of the Hawaii legislature to prohibit gambling in all its forms. The statute specifically includes within its wide application the carrying on of any game in which anything of value is won.

■ The statute in its present form has survived many attacks made upon its constitutionality before the Territorial Supreme Court. In Territory v. Wong, 1953, 40 Haw. 257, 263, in rejecting the contention that the statute was void for uncertainty, the court stated:

> "Each of the foregoing may be answered by applying the statute in the reasonable and direct purport of its enactment to prohibit as well as discourage all types of gaming * * *."

The question before us is simply whether Naumu (having in mind the broad language of the statute and its past construction by the courts of Hawaii) should have realized that the right to play a game for which a charge is customarily made is a thing of value under the statute. In our view, he should have.

In support of his contention of uncertainty, Naumu cites many cases from other jurisdictions in which it has been held that a pinball game in which free games are given does not constitute a gambling game under the provisions of the applicable statutes. There is no doubt a division of authority upon this proposition generally. In most of the cases cited, however, the statutes are not as broad in scope as is Hawaii's. Among states having statutes similar to those of Hawaii, authority would appear to be overwhelmingly in accord with Hawaii's construction of the phrase "anything of value" as including free pinball games.

That some jurisdictions, in their search for legislative intent, have, for various reasons and in various contexts, chosen to place a limited meaning on "anything" or on "value" does not render those words or the phrase in which they appear vague or uncertain. The choice of a lawful course under the Hawaii statute as expressed and construed should have been readily apparent to Naumu. The risk he took was his own free choice: the risk that the Hawaii legislature had not meant to the letter precisely what it had said.

Affirmed.