# BUCHALTER *v.* NEW YORK.*

No. 606. Argued May 7, 10, 1943.—Decided June 1, 1943.

*Messrs. Arthur Garfield Hays, Sydney Rosenthal, I. Maurice Wormser, John Schulman,* and *J. Bertram Wegman,* with whom *Messrs. Gerald Weatherly* and *Benj. J. Jacobson* were on the brief, for petitioners.

---

* Together with No. 610, *Weiss* v. *New York,* on writ of certiorari, 318 U. S. 797, to the Court of Appeals of New York, and No. 619, *Capone* v. *New York,* on writ of certiorari, 318 U. S. 797, to the County Court of Kings County, New York.

*Mr. Solomon A. Klein,* with whom *Messrs. Thomas Cradock Hughes, Henry J. Walsh,* and *Edward H. Levine* were on the brief, for respondent.

MR. JUSTICE ROBERTS delivered the opinion of the Court.

The petitioners were convicted of first degree murder in the County Court of Kings County, New York, after a trial lasting over nine weeks. The printed record consists of over twelve thousand pages. The judgments were affirmed by the Court of Appeals of the State.[1] Numerous errors were there assigned. Four opinions were written, two of which dissented from the judgments of affirmance, as to which the court divided four to three. In his concurring opinion the Chief Judge said that he agreed with one of the dissenting opinions that errors and defects occurred in the trial which could not be "disregarded without hesitation lest in our anxiety that the guilty should not escape punishment we affirm a judgment tainted with errors obtained through violation of fundamental rights." His conclusion was, however, that the errors did not affect the verdict. Two dissenting judges were of opinion that such substantial error was committed as to require a reversal. One judge was of opinion that the conduct of the trial was so grossly unfair as to leave the defendants without a remote chance of free consideration of their defenses by the jury; so unfair as to deprive them of the presumption of innocence and the requirement of proof beyond a reasonable doubt.

The remittiturs of the Court of Appeals recited that the appellants in brief and argument raised the point that they had been denied their constitutional rights under the Fourteenth Amendment to the Constitution of the

---

[1] 289 N. Y. 181, 45 N. E. 2d 225, 248; rehearing denied 289 N. Y. 244, 45 N. E. 2d 425.

United States and that this point was considered and necessarily decided. The same contention was the basis of the petitions for certiorari.

The petitioners rely not on any one circumstance but insist that they were not afforded a fair and impartial jury free from influences extraneous to the proofs adduced at the trial; that they were deprived of an impartial and unbiased judge to preside at the trial and that the prosecutor resorted to unfair methods to influence the jury.

This court granted certiorari in order that the petitioners' claims of denial of a federal right might be examined in the light of the record with the aid of briefs and oral argument. As the opinions rendered in the court below state the facts and discuss the alleged trial errors in detail we need not restate them.

The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions, which not infrequently are designated as "the law of the land."[2] Where this requirement has been disregarded in a criminal trial in a state court this court has not hesitated to exercise its jurisdiction to enforce the constitutional guarantee.[3] But the Amendment does not draw to itself the provisions of state constitutions[4] or state laws.[5] It leaves the states

---

[2] *Hebert* v. *Louisiana*, 272 U. S. 312, 316. See also: *In re Kemmler,* 136 U. S. 436, 448; *Caldwell* v. *Texas*, 137 U. S. 692, 697; *Lisenba* v. *California*, 314 U. S. 219, 236.

[3] *Moore* v. *Dempsey*, 261 U. S. 86; *Powell* v. *Alabama*, 287 U. S. 45; *Brown* v. *Mississippi*, 297 U. S. 278; *Avery* v. *Alabama*, 308 U. S. 444; *Chambers* v. *Florida*, 309 U. S. 227; *White* v. *Texas*, 310 U. S. 530; *Smith* v. *O'Grady*, 312 U. S. 329; *Ward* v. *Texas*, 316 U. S. 547.

[4] *Rawlins* v. *Georgia*, 201 U. S. 638; *Patterson* v. *Colorado*, 205 U. S. 454, 459; *Hebert* v. *Louisiana, supra*, 316.

[5] *Leeper* v. *Texas*, 139 U. S. 462; *Rawlins* v. *Georgia, supra*.

free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in a state court.[6]

The petitioners assert that, in view of unfair and lurid newspaper publicity, it was impossible to obtain an impartial jury in the county of trial, and that the rulings of the court denying a change of venue, and on challenges to prospective jurors, resulted in the impanelling of a jury affected with bias. We have examined the record and are unable, as the court below was, to conclude that a convincing showing of actual bias on the part of the jury which tried the defendants is established. Though the statute governing the selection of the jurors and the court's rulings on challenges are asserted to have worked injustice in the impanelling of a jury, such assertion raises no due process question requiring review by this court.[7]

The petitioners insist that the rulings upon evidence and instructions to the jury, when taken in their totality, indicate that, whatever the intention of the trial judge, his rulings and attitude precluded a fair consideration of the case. The Court of Appeals held that certain of the challenged rulings and instructions were erroneous but that the errors were not substantial in the sense that they affected the ability of the jury to render an impartial verdict, and that others of the alleged errors were not such

---

[6] *Avery* v. *Alabama, supra,* 446–447; *Leeper* v. *Texas, supra; Howard* v. *North Carolina,* 191 U. S. 126, 136, 137; *Burt* v. *Smith,* 203 U. S. 129, 135; *Barrington* v. *Missouri,* 205 U. S. 483, 488; *Ughbanks* v. *Armstrong,* 208 U. S. 481, 487; *Caldwell* v. *Texas, supra,* 697; *Hebert* v. *Louisiana, supra,* 316.

[7] *Hayes* v. *Missouri,* 120 U. S. 68, 71; *Spies* v. *Illinois,* 123 U. S. 131, 168; *Rawlins* v. *Georgia, supra; Franklin* v. *South Carolina,* 218 U. S. 161, 168.

under the law of New York. As already stated, the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law. We are unable to find that the rulings and instructions under attack constituted more than errors as to state law. We cannot say that they were such as to deprive the petitioners of a trial according to the accepted course of legal proceedings.

Finally, the petitioners assert that the prosecuting officer, by suppression of evidence, and by statements in his addresses to the jury, was so unfair as to deprive the trial of the essential quality of an impartial inquiry into their guilt. The point as to the alleged suppression of evidence is without merit. Certain documentary evidence was in court. The judge ruled that the prosecuting officer need not submit it to defense counsel for examination. If there was error in the ruling, it was error of the court. Upon motion for rehearing the Court of Appeals examined the papers and found that they were not of significance in respect of any issue in the case. No such showing of suppression of evidence or connivance at perjury, as has heretofore been held to require corrective process on the part of the state,[8] was shown.

The speeches of counsel for defendants apparently provoked statements by the District Attorney of which petitioners now complain. This does not raise a due process question.

As we have recently said, "it is not asking too much that the burden of showing essential unfairness be sustained by him who claims such injustice and seeks to have the result set aside, and that it be sustained not as a matter of speculation but as a demonstrable reality.[9]

The judgments are

*Affirmed.*

---

[8] *Mooney* v. *Holohan,* 294 U. S. 103.

[9] *Adams* v. *McCann,* 317 U. S. 269, 281.

MR. JUSTICE BLACK, substantially agreeing with these views, is of opinion that the petitions should be dismissed.

MR. JUSTICE MURPHY and MR. JUSTICE JACKSON took no part in the consideration or decision of this case.