**UNITED STATES ex rel. BUCHALTER v. WARDEN OF SING SING PRISON.**

No. 319.

Circuit Court of Appeals, Second Circuit.

March 2, 1944.

Writ of Certiorari Denied March 4, 1944.

See 64 S.Ct. 633.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

J. Bertram Wegman, of New York City, for appellant.

James B. M. McNally, U.S. Atty., and Richard J. Burke and Peter J. Donoghue, Asst. U.S. Attys., all of New York City, for appellee.

L. HAND, Circuit Judge.

The relator appeals from an order of the district court refusing to issue a writ of habeas corpus to review his detention under the sentence of a state court of electrocution for murder. He had been convicted in a federal court of a federal crime, and was in custody in execution of its sentence. Being indicted for murder in the state court, the Attorney General of the United States brought him, still in the Attorney General's custody, to the state court for trial. He was convicted, the Court of Appeals of New York has affirmed the conviction, 289 N.Y. 181, 45 N.E.2d 225, and the Supreme Court has in turn affirmed its judgment, 319 U.S. 427, 63 S.Ct. 1129. He has continuously protested against the legality of the Attorney General's order bringing him to the state court, and he now protests against the surrender of his custody to the state authorities for execution of the sentence of the state court. These are the grounds of his application for the writ whose issuance the district court refused.

The Supreme Court decided in Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607, 22 A.L.R. 879, that the Attorney General by virtue of his office could bring a convict—still in his custody—for trial for another crime in a state court; but it also said that upon conviction in the state court, the execution of its sentence would follow completed execution of the sentence of the federal court. In the case at bar, the Attorney General has gone further, and after conviction has surrendered custody of the prisoner to the state authorities for execution; and unless the sentence of the state court is commuted, he will be electrocuted, and will never serve the remainder of his federal sentence, which has not been commuted, as was the case in Chapman v. Scott, 2 Cir., 10 F.2d 690. Obviously, he has actually the greatest possible interest in serving the remainder of his federal sentence, and the only question is whether that is an interest which the law recognizes: i.e., whether it is a "right." It is not; imprisonment is punishment exacted by the state; it gives the

convict no asylum, temporary or permanent, against his prosecution or punishment for other crimes. If it was unlawful for the Attorney General to surrender custody of the prisoner, and to make impossible any further execution of the federal sentence, it was not a wrong for him, for that sentence was imposed only in the interest of the United States, not in any degree whatever as a benefit to the relator. He has been deprived of nothing to which he was entitled; if the United States has been so deprived, he may not vicariously assert its rights.

Only on one theory could he complain. If his sentence should be so far commuted that he not only escaped electrocution, but was released from state custody, and if the federal authorities then should seek to imprison him for the remainder of his federal sentence, conceivably he might be able to argue that the separation of that sentence into parts so far changed it, as to make the remaining imprisonment illegal. We do not suggest that this would be a valid argument; we only say that if it were, the time to raise it would not come until the federal authorties sought once more to imprison him.

Order affirmed.