## YOUNG v. TERRITORY OF HAWAII.
### No. 11144.

Circuit Court of Appeals, Ninth Circuit.
March 5, 1947.

Rehearing Denied April 19, 1947.

Writ of Certiorari Denied June 16, 1947.
See 67 S.Ct. 1736.

DENMAN, Circuit Judge, dissenting.

Fred Patterson and E. J. Botts, both of Honolulu, T. H., and Herbert Chamberlin, of San Francisco, Cal., for appellant.

W. Z. Fairbanks, Public Prosecutor, City and County of Honolulu, Honolulu, T. H., for appellee.

Before DENMAN, HEALY, and ORR, Circuit Judges.

HEALY, Circuit Judge.

Appellant was convicted of the crime of abortion, defined by a statute of the Territory of Hawaii, and was given a prison sentence. The appeal is from a judgment of the territorial supreme court affirming the conviction. Territory v. Young, 37 Haw. 150. We are obliged at the outset to determine whether we have jurisdiction in the premises.

Section 128(a) of the Judicial Code, 28 U.S.C.A. § 225(a), as amended, provides: "The circuit courts of appeal shall have appellate jurisdiction to review by appeal final decisions— * * * Fourth. In the Supreme Courts of the Territory of Hawaii and of Puerto Rico, in all cases, civil or criminal, wherein the Constitution or a statute or treaty of the United States or any authority exercised thereunder is involved; in all other civil cases wherein the value in controversy, exclusive of interests and costs, exceeds $5,000, and in all habeas corpus proceedings."

The jurisdictional claim is that in consequence of an error in charging the jury appellant was denied due process of law in contravention of the Fifth Amendment. The deprival of due process is said to reside in the italicized portion of the following instruction pertaining to reasonable doubt:

"I further instruct you that the burden of proof is upon the Territory and the law presumes the defendant to be innocent, and this presumption continues and attends him at every stage of the case until it has been overcome by evidence which proves him guilty to your satisfaction and beyond a reasonable doubt. And in this connec-

290

tion, I instruct you that the doubt which will entitle the defendant to an acquittal must be a reasonable doubt, not a conjured-up doubt, such a doubt as you might conjure up to acquit a friend, but *a doubt that you could give a reason for.*

"A reasonable doubt is not a slight doubt, not a probable doubt, not a possible doubt, not a conjectural doubt, not an imaginary doubt, not a doubt of the absolute certainty of the guilt of the accused, because everything relating to human affairs and depending upon mortal evidence is open to conjectural or imaginary doubt, and because absolute certainty is not required by law. The real question is whether after hearing the evidence and from the evidence you have or have not an abiding belief, amounting to a moral certainty that the defendant is guilty and if you have such belief so formed, it is your duty to convict and if you have not such belief so formed it is your duty to acquit." [Emphasis supplied.]

Instructions essaying to define reasonable doubt in terms "of a doubt that you could give a reason for," or in language of like import, have been criticized or condemned in some cases and defended in others.[1] This court in Owens v. United States, 9 Cir., 130 F. 279, 283, disapproved of a similarly worded instruction, but later we held that an identical definition of reasonable doubt, when considered with the whole body of instructions given, was not reversible error, Louie Ding v. United States, 9 Cir., 246 F. 80. In upholding the instruction in the present case the territorial court said that "from long-continued use and uniform approval by this court when before it for review, it has assumed the dignity of a stock instruction." Earlier approving decisions of the court, reaching as far back as 1889 and continuing through the years, are cited, including in the number several capital cases; and the court concludes that "measured by the purpose sought to be attained the instruction complained of is, as a whole, as good as can be devised to convey to the lay mind the ordinary accepted definition of reasonable doubt." 37 Haw. 154, 155.

So far, then, as concerns the instruction under attack, appellant's trial appears to have been conducted in conformity with the settled course of judicial proceedings in the territory as established by its laws and the decisions of its courts. While perhaps subject to criticism as affording leeway for misunderstanding, the instruction does no violence to our basic concepts of liberty and justice. Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. The due process clause of the Fourteenth Amendment "leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in the state court," Buchalter v. New York supra, *319 U.S.* pp. 429, 430, 63 S.Ct. 1130, 1131. And the same holds good of the Fifth Amendment in respect of the administration of the criminal laws of the Territory of Hawaii. Fukunaga v. Territory of Hawaii, 9 Cir., 33 F.2d 396, 397; Kimbrel v. Territory, 9 Cir., 41 F.2d 740. Consult further Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 59 L.Ed. 969; Davis v. Texas, 139 U.S. 651, 11 S.Ct. 675, 35 L.Ed. 300; Howard v. Fleming, 191 U.S. 126, 137, 24 S.Ct. 49, 48 L.Ed. 121. It follows that no federal question of substance is presented by the appeal.

On the oral argument here a member of the court questioned the propriety of the phrase "not a probable doubt" as employed in the definition given. We are not disposed to take notice of any point not raised below, but even if it were otherwise we see no vice in this verbiage in the sense of the due process requirement. The whole instruction, this phrase included, was before the supreme court of the territory and had its approval as being in line with long-settled territorial practice.

Appeal dismissed.

DENMAN, Circuit Judge (dissenting).

It is erroneous to state that in any federal court, much less any Hawaiian court, has it been held that jurors may find an

---

[1] Consult authorities cited by the court below, Territory v. Young, 37 Haw. 150.

accused man guilty if they have a "probable doubt" as to his guilt. It was not so held by the Hawaiian supreme court in this or any other case. As discussed infra, the question was not raised there.

This appeal clearly presents a constitutional question of paramount substance within Judicial Code § 128(a), 28 U.S.C.A. § 225(a), set forth in the second paragraph of the court's opinion. It should be answered in a reversal of the judgment from which the appeal is taken.

If the opinion stands, the challenged instruction is valid in every criminal case in every federal district court in the circuit. The Constitution is not one thing for the Hawaiian Islands and another for the continental federal courts. It is inconceivable that the Constitution would permit the Hawaiian courts any more than the district courts of the United States to allow an accused person to be convicted on an instruction that guilt could be determined on a mere preponderance of the evidence. It is equally true of the wrongful instruction here approved.

To me the process of mind of jurors in a criminal case is of the essence of the due process of the Fifth Amendment as applied to the jury of the Sixth Amendment. Error in the *process* of mind in the constitutional tribunal for criminal cases in *measuring* the quantum of the evidence of guilt is entirely different from other errors at the trial such as ruling on the admission of evidence, the summation of evidence and the like, as in the case of Buchalter v. New York, 319 U.S. 427, 429, 63 S.Ct. 1129, 87 L.Ed. 1492. Rather such an instruction wrongly shaping the process of mind of the constitutional tribunal is what the Buchalter case describes at page 429 of 319 U.S., at page 1130 of 63 S.Ct. as not "consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions which not infrequently are designated as 'the law of the land.' Where this requirement has been disregarded in a criminal trial in a state court this court has not hesitated to exercise its jurisdiction to enforce the constitutional guarantee."

The court's opinion holds that a juror who doubts as a probability the guilt of an accused man must find him guilty *even if he can give a reason* for his probable innocence. In no other way would a juror be likely to interpret the instruction that the doubt "which will entitle the defendant to an acquittal must be a reasonable doubt, not a conjured-up doubt, such a doubt as you might conjure up to acquit a friend, *but a doubt that you could give a reason for.*

*"A reasonable doubt is not* a slight doubt, *not a probable doubt,* not a possible doubt, not a conjectural doubt, not an imaginary doubt, not a doubt of the absolute certainty of the guilt of the accused, because everything relating to human affairs and depending upon mortal evidence is open to conjectural or imaginary doubt, and because absolute certainty is not required by law. The real question is whether after hearing the evidence and from the evidence you have or have not an abiding belief, amounting to a moral certainty that the defendant is guilty and if you have such belief so formed, it is your duty to convict and if you have not such belief so formed it is your duty to acquit." (Emphasis supplied.)

Here we have the immediate juxtaposition of the two sentences and the careful distinction between a "probable doubt" and doubts which are "slight," "possible," "conjectural" and "imaginary." What is said is tantamount to saying, "You may have a moral certainty of guilt though you have probably doubt of its proof."

In none of all the scores of Supreme and other federal cases which have construed instructions concerning the process of the juror's mind in determining the guilt of accused persons has such an instruction been upheld. *It is most significant that no case has been found, except the present one, in which the phrase "reasonable doubt" has been defined as "not a probable doubt."*

This question of "probable doubt" was not considered by the Hawaiian supreme court. It was construing solely the question whether a reasonable doubt must be one for which a reason must be given.

What that court has done is to approve sub silentio an instruction which also permits a juror to vote for conviction though he thinks the accused probably innocent. Its statement that the challenged instruction has been customarily given referred solely to the ability to give a reason for the doubt. None of the cases cited in the Hawaiian reports by that court considered the question whether a jury having a probable doubt of guilt could convict.

On the contrary, the earlier case cited, The King v. Ahop, 7 Haw. 556, 560, is one under the Kingdom of Hawaii in which the only exclusion from reasonable doubt is a "mere possibility of a doubt." · In the two later cases, Territory v. Robello, 20 Haw. 7, 27, and Territory v. Buick, 27 Haw. 28, 40, the instructions are in the language quoted above, with the significant exception that they omit the words "not a probable doubt" before the phrase "not a possible doubt."

We thus have for the first time in any of the great number of cases on the process of the juror's mind the injection by a judge of the idea that a jury may convict though they have a probable doubt of guilt. With the fascist tendencies showing such a strong development in various aspects of the political and social relations of the American people, this is not a time to whittle away our civil rights. That it is done by the negligent interjection of a judge's alliterative phrase makes the result none the less such an invasion. What we said concerning experimental departure from the well established instructions on the burden of proof in criminal cases is clearly applicable. "We are inclined to agree with the statement of Justice McFarland, speaking for the Supreme Court of California in People v. Paulsell, 115 Cal. 6, 46 P. 734: 'If experimental departures from the well-established language sanctioned by all courts upon the subject of reasonable doubt are to be here allowed, and each trial court is to venture upon unusual language to express the idea contained in language so often approved, we will be afloat upon a new and unknown sea, and complications will arise in every criminal case coming here which will be very difficult to unravel.'" Paddock v. United States, 9 Cir., 79 F.2d 872, 877.

I also dissent from the statement of the opinion "On the oral argument here a member of the court questioned the propriety of the phrase 'not a probable doubt' as employed in the definition given." This omits the fact that the one member of the court was the presiding judge who asked the question only after, he is permitted to say, he was advised that it was also raised in the mind of Judge Orr. It also omits the fact that though the appeal was fully briefed on the question of the necessity of a juror having a reason for his reasonable doubt, *further briefs were ordered to discuss the question whether one having a probable doubt could .believe a man guilty beyond a reasonable doubt.*

However, despite the ·half truth of the court's opinion it does decide the question in a casual sentence in which it is erroneously stated that such use of the words "not a probable doubt" "was before the supreme court of the territory and had its approval as being in line with long-settled territorial practice."

As seen, no Hawaii reported case, not even the present one, construed the challenged words.

That the challenge first came 'from this appellate court is no ground for refusing to consider it. Otherwise constitutional law may be determined by the mere oversight of counsel—a novel . contention in view of the court's repeated holding that in all criminal cases substantial questions first raised on appeal will cause us "[to] look into the record far enough to see that there has been no miscarriage of justice." Marco v. United States, 9 Cir., 26 F.2d 315, 316. In this we are but following the practice established in the Supreme Court in Weems v. United States, 217 U.S. 349, 359, 30 S.Ct. 544, 54 L.Ed. 793, 19 Ann.Cas. 705, that "the *court,* at its option, may no-tice a plain error not assigned." Supreme Court Rule 27(6); Brasfield **v.** United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345. Under our Rule 9 we are required to follow the Supreme Court practice.

It is not this convicted abortionist alone for whom the Constitution has been violated, but a principle has been established

which may wrongfully affect every person charged with crime in a federal court of the circuit. The judgment should be reversed.

Rehearing denied; DENMAN, Circuit Judge, dissenting.