## CAMINOS v. TERRITORY OF HAWAII.
### No. 12769.

United States Court of Appeals,
Ninth Circuit.
July 26, 1951.

Fred Patterson, Peter A. Lee and O. P. Soares, Honolulu, T. H., for appellant.

Allen R. Hawkins, Public Prosecutor, James Morita, Asst. Public Prosecutor, City and County of Honolulu, Honolulu, T. H., for appellee.

Before HEALY, BONE, and ORR, Circuit Judges.

HEALY, Circuit Judge.

This is an appeal from a judgment of the Supreme Court of the Territory of Hawaii affirming a judgment of conviction of the appellant upon two consolidated indictments charging the receipt of bribes.

█ Five specifications of error are argued, the general nature of which may be indicated by reference to specifications 1 and 2. Specification 1 has to do with the admission of evidence concerning the acceptance or solicitation of bribes other than those covered by the seven counts of the consolidated indictments. Rejecting this claim of error, the Supreme Court held the evidence material and competent as showing intent, scheme, general plan and relationship of the defendant [who was a police officer] to the particular type of crimes for which he was on trial. Specification 2 relates to the denial of appellant's motion for a directed verdict on the ground that there was a fatal variance between the allegations of the indictment and the proof. The argument in this particular is patently frivolous. It is that the indictments charged the defendant with receiving bribes from one Paul Au, whereas the proof was directed to showing that Paul Au paid the bribes to one Clark, a go-between, and that Clark turned the money over to the defendant.

Two of the remaining specifications relate to instructions, one being to the trial court's refusal to give a certain instruction requested and the other to its giving an instruction which has many times, over a long period of years, had the approval of the territorial Supreme Court in criminal cases. The record before us does not contain the instruction requested, nor does it include the whole body of the charge given by the court. It does not even contain the objection, if any there was, interposed to the particular instruction complained of.

█ We have in a number of decisions pointed out to the Hawaiian Bar the narrow limits of our powers of review of appeals from the Supreme Court of Hawaii in criminal cases. See particularly Young v. Territory of Hawaii, 9 Cir., 160 F.2d 289, and Palakiko v. Territory of Hawaii, 9 Cir., 188 F.2d 54. The limiting statute as contained in the Judicial Code revision is 28 U.S.C.A. § 1293. These decisions and

the statute itself have been ignored by counsel. The specifications of error are discussed both on behalf of the appellant and on behalf of the Territory as though our authority to review extended to ordinary errors claimed to have occurred in the course of the trial. We have nevertheless examined the points raised by appellant and find in none of them anything involving the constitution, laws, or treaties of the United States. Compare Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492. There is no showing whatever of the absence of a fair trial or of a denial of due process.

The judgment is affirmed.