GOODMAN v. SWENSON.

No. 6292.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 5, 1951.

Decided Nov. 29, 1951.

Richard Goodman, pro se. Kenneth C. Proctor, Asst. Atty. Gen., of Maryland (Hall Hammond, Atty. Gen. of Maryland, Anselm Sodaro, State's Atty. for Baltimore City, and John C. Weiss, Asst. State's Atty. for Baltimore City, Baltimore, Md., on brief), for appellee.

Before PARKER, Chief Judge, SOPER, Circuit Judge, and MOORE, District Judge.

PER CURIAM.

This is an appeal from an order discharging a writ of habeas corpus. Appellant was convicted of murder by a Maryland state court and sentenced to imprisonment in the Maryland Penitentiary. He contested the validity of his sentence by application for habeas corpus to a state court

670

which denied relief. This was affirmed by the Court of Appeals of Maryland and certiorari was denied by the Supreme Court of the United States. Goodman v. Warden of the Maryland Penitentiary, 190 Md. 746, 60 A.2d 747, certiorari denied Goodman v. Swenson, 335 U.S. 847, 69 S.Ct. 58, 93 L. Ed. 397. He subsequently applied for a writ of habeas corpus to the United States District Court for the District of Maryland, but this application was denied and the denial was affirmed by this court. Goodman v. Swenson, 4 Cir., 173 F.2d 349. After this, he again made application to the District Court for writ of habeas corpus and the District Judge granted him a hearing on his contention that he had been denied a jury trial and, after hearing evidence on the matter, found that he had been represented by competent counsel on his trial and with counsel present had waived jury trial in accordance with the Maryland practice. The question thus presented to the lower court and the other questions which appellant seeks to raise here are questions of state law and practice which may not serve as the basis of a writ of habeas corpus in the federal courts. Sanderlin v. Smyth, 4 Cir., 138 F.2d 729; Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 1130, 87 L.Ed. 1492. As said in the case last cited: "The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions, which not infrequently are designated as the 'law of the land'. Where this requirement has been disregarded in a criminal trial in a state court this court has not hesitated to exercise its jurisdiction to enforce the constitutional guarantee. But the Amendment does not draw to itself the provisions of state constitutions or state laws. It leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in a state court."

Affirmed.