

From these facts it might therefore be inferred that defendant's employees removed the barrier on the 27th and failed to replace it. We think that a *prima facie* case, even if a comparatively weak one, had been established.

Defendant makes much of a reference in the opinion below to the unfavorable inferences to be drawn from defendant's failure to produce rebutting evidence peculiarly within its control. A fair reading of Judge Smith's opinion shows, however, his full awareness of his duty to consider only plaintiff's evidence in determining whether a *prima facie* case had been presented and, after finding such a case, his freedom to consider these inferences in reaching his conclusion.

Affirmed.

George Y. Kobayashi, Honolulu, Hawaii, for appellant.

Robert E. St. Sure, Public Prosecutor of City and County of Honolulu, Henry W. C. Wong, Asst. Public Prosecutor of City and County of Honolulu, Honolulu, Hawaii, for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

### PARK
#### v.
### TERRITORY OF HAWAII.
#### No. 13355.

United States Court of Appeals
Ninth Circuit.

Dec. 2, 1953.

PER CURIAM.

Appellant was convicted in the Hawaiin circuit court of the crime of extortion, and on appeal to the Supreme Court of the Territory his conviction was affirmed.[1] The crime was allegedly committed in November of 1947 and the indictment was returned in April of 1949, the trial being had in the autumn of the latter year.

Appellant asserts that he was denied due process under the Fifth Amendment and was not accorded a speedy trial as provided by the Sixth. The assertion appears to be grounded, not on any recognizable application historically given these constitutional guarantees, but on what is said to be the disregard of a local statute providing that in all cases of offenses against the laws of the Territory "the accused shall be arraigned and prosecuted upon an information or indictment, as soon after the commitment of the offense of which he is accused as may be expedient."[2] This statute is in-

---

1. 39 Haw. 670.

2. Sec. 10791, Rev.Laws of Hawaii, 1945.

terpreted by the Territorial Supreme Court as being purely directory.

■■ As we have repeatedly pointed out, our powers of review of decisions of the Territorial Supreme Court in criminal cases is limited to those involving the Constitution, laws or treaties of the United States. 28 U.S.C.A. § 1293. Caminos v. Territory of Hawaii, 9 Cir., 191 F.2d 148; Palakiko v. Territory of Hawaii, 9 Cir., 188 F.2d 54; Young v. Territory of Hawaii, 9 Cir., 160 F.2d 289. No federal question of substance is presented on this appeal.

Affirmed.

## VICTORY PACKING CO.

### v.

### KENDALL.

#### No. 644.

United States Emergency Court of Appeals

Heard at Washington, D. C., Oct. 17, 1953.

Decided Nov. 23, 1953.

Albert L. McDermott, Washington, D. C., with whom John L. Ingoldsby, Jr., and Ingoldsby & Coles, Washington, D. C., were on the brief, for complainant.

Bruce H. Zeiser, Attorney, Department of Justice, Washington, D. C., with whom Warren E. Burger, Asst. Atty. Gen., Edward H. Hickey, Chief, General Litigation Section, George Arthur Fruit, Attorney, Dept. of Justice, and James A. Durham, Acting General Counsel, and Israel Convisser, Asst. Gen. Counsel, Washington, D. C., both of the Economic Stabilization Agency, were on the brief, for respondent.

Before MARIS, Chief Judge, and MAGRUDER and McALLISTER, Judges.

McALLISTER, Judge.

Victory Packing Company, complainant, is a slaughterer of horses and a processor of horse meat which is eventually sold and distributed to pet shops. Its ceiling prices were established by government price regulations. During 1950, the company engaged in a price war with a competitor in the San Francisco area, and finally drove him out of business in April 1951.