**Lloyd C. CARPENTER, Petitioner,**

v.

**Clarence T. GLADDEN, Warden of the Oregon State Penitentiary, Respondent.**

**Civ. No. 63–529.**

United States District Court
D. Oregon.

Nov. 6, 1963.

Lloyd C. Carpenter, pro. per.

C. L. Marsters, Asst. Atty. Gen. of the State of Oregon, for Warden Gladden.

EAST, District Judge.

The petitioner seeks to file herein in forma pauperis his petition for a writ of habeas corpus relief from the custody of the respondent under a judgment of conviction and sentence of imprisonment

(three years) entered by the Circuit Court of the State of Oregon for Multnomah County on December 15, 1961.

A perusal of the petition reveals that the petitioner backs his conclusion of a violation of his United States constitutional rights during the course of the state court proceedings resulting in his conviction and sentence with three main assertions:

1) That the indictment to which he had entered a plea of not guilty and stood trial fails to allege all of the necessary elements of the alleged crime under O.R.S. 164.310 and therefore fails to allege facts sufficient to constitute a crime;

2) That his court-appointed counsel acted in a casual, ineffective and perfunctory manner and negligently failed to make various objections to testimony and evidence; to call and present witnesses and evidence on behalf of petitioner and further to make various procedural motions; and

3) Misconduct on the part of the prosecuting attorney in presenting improper testimony and "visible evidence" and improperly commenting to the jury " * * * on the fact that your petitioner did not take the stand and testify in his own behalf * * * " so as to deprive petitioner of the presumption of innocence and of a "fair and impartial trial."

It appears that the petitioner is an indigent person and cannot pay the initial costs and expenses of the filing of his petition and should be permitted to institute and prosecute these civil proceedings herein in forma pauperis; however, the petitioner's request for court-appointed counsel should be denied.

The assertions of a denial of due process and equal protection of law as provided by the United States Constitution under the assertions contained in 1) and 2) above are patently groundless and should be denied.

"* * * The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice which lie at the base of our civil and political institutions, which not infrequently are designated as 'the law of the land.' * * * But the Amendment does not draw to itself the provisions of state constitutions or state laws. It leaves the states free to enforce their criminal laws under such statutory provisions and common law doctrines as they deem appropriate; and does not permit a party to bring to the test of a decision in this court every ruling made in the course of a trial in a state court.

* * *

"The petitioners insist that the rulings upon evidence and instructions to the jury, when taken in their totality, indicate that, whatever the intention of the trial judge, his rulings and attitude precluded a fair consideration of the case. * * * As already stated, the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law. We are unable to find that the rulings and instructions under attack constituted more than errors as to state law. We cannot say that they were such as to deprive the petitioners of a trial according to the accepted course of legal proceedings." Buchalter v. People of State of New York, 319 U.S. 427, 429–430, 431, 63 S.Ct. 429, 87 L.Ed. 1492.

The assertions under 3), in a proper posture, might well indeed find an ear in appropriate proceedings in either the state court or the federal court under the teachings of Pike v. Dickson, United States Court of Appeals for the Ninth

Circuit 1963, 323 F.2d 856, wherein it is said:

"The conduct of the prosecutor at the trial * * * could possibly, amount to a denial of due process."

As will be pointed out, this Court is wholly precluded from entertaining petitioner's petition for relief, and the same ought to be summarily dismissed. Title 28 U.S.C.A. § 2254; Thomas v. Teets, 205 F.2d 236 (9th Cir. 1953). However, this narrative order has been developed and will be entered in order to point out to the petitioner and those who would follow a similar course that this Court will not sanction or tolerate the calculated and intentional failure of persons seeking federal relief from state custody to first pursue state remedies open to them, as required in § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. The petitioner lowers the bar of § 2254 himself by revealing his calculated and intentional refusal to first seek state relief, in this language in his petition:

"* * * that your petitioner has not heretofore undertaken to secure post-conviction relief in the courts of Oregon, from the aforesaid judgment, for reason * * * that there is an existence of circumstances, to-wit: prejudice against your petitioner, his class, and his cause of action which renders the Oregon corrective process ineffective to correct denial of * * *" United States constitutional rights.

Accordingly, petitioner's petition and his cause herein should each be dismissed.

 Hereafter, this Court will not entertain the petition of any petitioner seeking federal relief from a state conviction which does not in itself allege or have attached to it a succinct statement, without comment or argument, as to which state court, type of proceedings, and upon what grounds petitioner had theretofore made application "to vindicate his federal claims * * *" of unlawful state custody. A failure to present such a statement will be deemed a deliberate by-passing of the state court system by the petitioner and sufficient cause to summarily dismiss the petition. Fay v. Noia, supra, 372 U.S. p. 438, 83 S.Ct. p. 849, 9 L.Ed.2d 837:

"We therefore hold that the federal habeas judge may in his discretion deny relief to an applicant who has deliberately by-passed the orderly procedure of the state courts and in so doing has forfeited his state court remedies."

The Clerk of this Court should forward the petitioner, at his address of record, and to the Attorney General of the State of Oregon at Salem, Oregon, a copy of this narrative order by regular United States mail.

It is so ordered.