**UNITED STATES of America ex rel. Antolin SANTIAGO, Petitioner,**

v.

**Harold W. FOLLETTE, Warden of Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civ. 4180.**

United States District Court
S. D. New York.

April 18, 1969.

Antolin Santiago pro se.

Louis J. Lefkowitz, Atty. Gen., of the State of New York, New York City, for respondent; Arlene R. Silverman, Deputy Asst. Atty. Gen., of counsel.

EDWARD WEINFELD, District Judge.

Petitioner, currently serving two concurrent five to seven year sentences at the Green Haven state prison, following his conviction after trial by jury on a charge of selling narcotic drugs, seeks his release upon a writ of habeas corpus. He charges that the Trial Court erred in admitting in evidence a witness' translation and a paraphrase of a conversation with petitioner, in permitting a detective to explain why petitioner was not arrested earlier than he actually was, in allowing the prosecutor to comment on a scar on petitioner's cheek during summation, in favoring the prosecution's case in its summary of the evidence, and in withdrawing a lesser count of the indictment from the consideration of the jury. The petitioner here asserts that the cumulative effect of these alleged errors deprived him of his federally protected right to a fundamentally fair trial.

■ The petitioner's application fails for two reasons. First, the writ of habeas corpus is not available to review errors in a state trial in the admission of evidence,[1] alleged prejudicial statements in the Court's charge[2] or in the prosecutor's summation[3] absent a showing that they deprived defendant of a fundamentally fair trial.[4] None of the errors, assuming arguendo they were in fact errors, is of substance and, either singly or in totality, is of such an egregious nature that petitioner was deprived of a fair trial.[5] The Court has examined the trial record against the alleged prejudicial errors and finds no basis for any claim that he was denied a fundamentally fair trial.

■ Second, petitioner's application must also be denied for failure to exhaust available state remedies. Petitioner, in his direct appeal in the state courts, presented his claim with respect to the errors here advanced only as errors of law under state rules of evidence.[6] No

---

1. United States ex rel. Saunders v. Myers, 276 F.2d 790 (3d Cir. 1960); Hodge v. Huff, 78 U.S.App.D.C. 329, 140 F.2d 686, cert. denied, 322 U.S. 733, 64 S.Ct. 946, 88 L.Ed. 1567 (1944); United States ex rel. Phillips v. Jackson, 72 F.Supp. 18 (N.D.N.Y.), aff'd mem., 162 F.2d 414 (2d Cir. 1947). See also Buchalter v. People of State of New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943). Cf. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 312, 67 S.Ct. 313, 91 L.Ed. 308 (1946); United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106, 47 S.Ct. 302, 71 L.Ed. 560 (1927).

2. Kenion v. Gill, 81 U.S.App.D.C. 96, 155 F.2d 176 (1946).

3. Chavez v. Dickson, 280 F.2d 727, 735 (9th Cir. 1960). Cf. Buchalter v. People of State of New York, 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943).

4. United States ex rel. Birch v. Fay, 190 F.Supp. 105, 107 (S.D.N.Y.1961).

5. United States ex rel. Birch v. Fay, 190 F.Supp. 105 (S.D.N.Y.1961); cf. United States ex rel. Baker v. Follette, 282 F. Supp. 474, 475 (S.D.N.Y.1968).

6. On direct appeal from the judgment of conviction, the First Department unanimously affirmed without opinion. The Court of Appeals denied leave to appeal.

contention was there made that he had been denied his constitutional right to a fair trial. Considerations of comity in the federal system, as reflected in the Federal Habeas Corpus Act of 1966, section 2(c),[7] require that the State be given a full and fair opportunity to correct its own errors of federal constitutional dimension before federal courts will entertain a collateral attack upon a final judgment of conviction.[8]

Accordingly, the petition is dismissed.

7. 28 U.S.C. § 2254(c).

8. United States ex rel. Knight v. Fay, 232 F.Supp. 910, 911–912 (S.D.N.Y.1964); cf. United States ex rel. McDonald v. Deegan, 284 F.Supp. 166, 167 (S.D.N.Y. 1968); United States ex rel. Alberti v. Follette, 269 F.Supp. 7, 9 (S.D.N.Y. 1967).