**Basil ASBURY, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

Civ. A. No. 69–C–52–A.

United States District Court
W. D. Virginia,
Abingdon Division.

July 7, 1969.

Edward J. White, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This proceeding comes before the court on a petition for habeas corpus filed *in forma pauperis* by Basil Asbury, a prisoner of the State of Virginia, pursuant to the provisions of 28 U.S.C.A. § 2241. The petition was originally filed in the United States District Court for the Eastern District of Virginia and was ordered transferred to this court by order dated May 9, 1969.

Petitioner is presently serving a sentence for fifteen years at the State

Farm, State Farm, Virginia, pursuant to his conviction on October 31, 1968, in the Circuit Court of the County of Tazewell, Virginia, for murder (second degree). Petitioner appealed the conviction to the Supreme Court of Appeals of Virginia on the same grounds set forth in this proceeding, and that court affirmed the judgment of the trial court. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254.

Petitioner alleges that he did not receive a fair and impartial trial and that he was denied due process of law as a result of prejudicial remarks made by the Acting Commonwealth's Attorney in his final statement to the jury concerning facts which had not been put into evidence. This court sees no merit in that allegation.

■ The only question which this court can consider with respect to habeas corpus proceedings is, not whether error was committed under state practice, but whether there was a denial of due process as guaranteed by the federal constitution. Sanderlin v. Smyth, 138 F.2d 729 (4th Cir. 1943).

■ When the complainant is detained in prison by virtue of the judgment of a court of competent jurisdiction, mere errors or irregularities in the proceedings of the trial court will not suffice as grounds for relief by habeas corpus:

> The writ (of habeas corpus) does not lie where the judgment is merely voidable by reason of errors of law or of fact, omissions, or other irregularities, no matter how numerous or flagrant they may be, at least where the law provides a remedy by appeal or writ of error to obtain their correction. Harmon v. Smyth, 183 Va. 414, 32 S.E. 2d 665, 666, 667 (1945).

Habeas corpus is not in the nature of a writ of error, nor is it intended as a substitute for the functions of a trial court. Andersen v. Treat, 172 U.S. 24, 19 S.Ct. 67, 43 L.Ed. 351 (1898); Burton v. Smithers, 31 F.2d 966 (4th Cir. 1929).

In the case at bar petitioner contends he was denied due process and is restrained in violation of the Fourteenth Amendment of the Constitution of the United States. This court does not feel the contention is sound.

■ The guaranty of due process is not a guaranty that every ruling of the trial court will be correct, and simple errors of the trial court in the application of the standard rules of procedure for that court will not constitute a denial of due process of law. Buchalter v. New York, 319 U.S. 427, 63 S.Ct. 1129, 87 L. Ed. 1492 (1943). The court in *Buchalter* held that, "the due process clause of the Fourteenth Amendment does not enable us to review errors of state law however material under that law." *Id.* at 431, 63 S.Ct. at 1131. Furthermore, concerning statements by the District Attorney to the jury, alleged to be "so unfair as to deprive the trial of the essential quality of an impartial inquiry into [the] guilt" of the accused, the court said, "[T]his does not raise a due process question." *Id.* at 431, 63 S.Ct. at 1131. And in Soulia v. O'Brien, D.C., 94 F.Supp. 764, affirmed, 1 Cir., 188 F. 2d 233, cert. denied 341 U.S. 928, 71 S.Ct. 794, 95 L.Ed. 1359, rehearing denied 341 U.S. 957, 71 S.Ct. 1006, 95 L.Ed. 1378 (1950), the court again flatly stated, "[E]rrors, with respect to the admission of evidence and comments of the district attorney on the evidence, do not measure up to the dignity of lack of due process." *Id.* at 771.

■ Having found no denial of due process of law according to *Buchalter* and *Soulia,* and following the rule set forth in Harkrader v. Wadley, 172 U.S. 148, 19 S.Ct. 119, 43 L.Ed. 399 (1898):

> "[W]here the state court has jurisdiction of the offense and of the accused, no mere error in the conduct of the trial can be made the basis of jurisdiction in a court of the United States to review the proceeding upon a writ of *habeas corpus.*" *Id.,* 172 U.S. 148, 164, 19 S.Ct. 119, 125.

this court must consider itself without jurisdiction to entertain this proceeding.

For the reasons above stated and upon mature consideration of the facts relied upon by petitioner, the court finds that petitioner received a fair and impartial trial with due process in which none of his constitutional rights were denied him. For the foregoing reasons, it is therefore adjudged and ordered that the petition be dismissed and the writ denied.