**Russell Gibson COFFLIN, Petitioner,**

v.

**J. D. COX, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 70-C-46.**

United States District Court,
W. D. Virginia,
Danville Division.

Aug. 19, 1970.

Vann H. Lefcoe, Asst.Atty.Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis*. The petition was filed in the United States District Court for the Eastern District of Virginia at Richmond, which ordered the case transferred to this court.

Petitioner is detained under authority of a conviction of second degree murder in the Circuit Court of Pittsylvania County. He was represented by a court-appointed attorney and entered a plea of not guilty. The case was heard by a jury which imposed a sentence of twenty years in the penitentiary. An appeal was made to the Supreme Court of Appeals of Virginia, which denied a writ of error to the judgment of the trial court on October 14, 1969.

The constitutionality of the conviction is now challenged on the grounds: (a) that petitioner was denied due process of law as guaranteed by the sixth amendment because (1) the expert medical witness failed to testify that the gun shown to the jury was the same weapon which caused the death, (2) the Commonwealth presented conflicting testimony as to the guilt of the accused, and (3) the Commonwealth referred to irrelevant and prejudicial matter in front of the jury; (b) that petitioner was denied the right to effective assistance of counsel because the attorney failed to argue the case properly, failed to prepare a proper defense, and failed to comply with the Canons of Ethics of the American Bar Association; (c) that petitioner was prejudiced when the Commonwealth's Attorney brought out a prior felony conviction; and (d) that the exclusion of a potential juror because of his religion violated apparently his right to a representative jury. All of these claims have been presented in a petition for a writ of habeas corpus to the Circuit Court of Pittsylvania County which denied the writ without a hearing on January 23, 1970. The Supreme Court of Appeals of Virginia denied a writ of error to the order dismissing the petition on June 16, 1970. Therefore, the petitioner has exhausted his state remedies, 28 U.S.C. § 2254, and the claims are properly before this court.

It is clear from a reading of the petition and the transcript of the original trial that the petitioner has alleged any possible point that has popped into his mind. The court proceeds to consider each objection in order.

█ The first objection is that the *medical witness who conducted the autopsy failed to identify the pistol which was in evidence as the cause of death.* Although in any case such an objection could not rise to the status of Constitutional dignity, it is interesting to note that the petitioner himself testified on the stand that he shot the deceased with the pistol. The expert could not testify as to the particular pistol used because the fatal bullet was not found.

█ Objection is made that the Commonwealth presented conflicting testimony on the guilt of the accused to the jury. It is well settled that the trial court's determination of the sufficiency of the evidence is not to be overturned except where there is such a paucity of evidence as to amount to a denial of due process of law. Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). The transcript of the trial shows clearly that the evidence was sufficient to support the conviction.

■ At the trial it came out in evidence that the petitioner was living with a woman who was not his wife and who was drunk in bed when the shooting took place. The admission of this evidence was a point raised on appeal but a writ of error was denied. The state court in its opinion denying the petition for a writ of habeas corpus suggested that it was necessary for both the Commonwealth and defense to prove who was present at the time of the shooting. This court does not think that this testimony actually prejudiced the petitioner, although it may have been better practice to exclude this evidence. Its admission certainly does not raise a Constitutional issue cognizable in a federal habeas corpus proceeding. It did not deprive the petitioner of a fair trial. *See* United States ex rel. Santiago v. Follette, 298 F.Supp. 973 (S.D.N.Y.1969).

■ The general allegations of ineffective assistance of counsel are totally without merit. Specific facts must be alleged; broad complaints are insufficient. The petitioner has not alleged what other defense might have been made, how counsel should have argued the case, or how the attorney failed to comply with the Canon requiring vigorous representation of a client. It is to be noted that counsel successfully offered an instruction on accidental firing of the pistol, which was the claim petitioner made on the stand. No other compatible defense appears. It is evident from a reading of the transcript that counsel did a fine job of presenting the petitioner's story of the events and of defending him. Finally, petitioner was closely questioned by the court as to whether he was satisfied with the representation accorded him and he answered in the affirmative. The fact that petitioner was not acquitted does not mean that he did not receive effective assistance of counsel.

■ When petitioner took the stand to testify in his own behalf, he was asked whether he had been convicted previously of a felony. He answered in the affirmative and the court cautioned the jury that this fact was to be considered only in determining the credibility of petitioner's testimony and not on the issue of guilt or innocence. Impeaching a witness by showing a felony conviction has long been practiced. Petitioner took the chance that this tactic would be used against him when he waived his right not to take the stand. No right of the defendant was violated. United States v. Pennix, 313 F.2d 524 (4 Cir. 1963).

■ The final allegation that a potential juror should not have been excluded because of his religion is also without merit. The Commonwealth expressly waived seeking the death penalty so there is no question of excluding a potential juror who has scruples against imposing capital punishment. *See* Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 76 (1968). The trial transcript indicates that the potential juror was released because he said that he had religious scruples against serving on a jury in a death case. The fact that the court did not impose on this individual and require him to take a place in the jury panel did not infringe the fairness of the trial.

It is seen that all of the claims presented are frivolous and wholly without merit. Therefore the petition for a writ of habeas corpus is dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he may do so by filing with the clerk of *this* court a notice of appeal. Failure to file the notice of appeal within 30 days may result in a denial of the right to appeal. The notice shall state the following:

1. The party or parties taking the appeal;

2. The judgment, order or part thereof appealed from; and

3. The court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.