**UNITED STATES of America ex rel. John THOMAS, Petitioner,**

v.

**Allyn R. SIELAFF et al., Respondents.**

**No. P–CIV–75–77.**

United States District Court,
S. D. Illinois, N. D.

Nov. 19, 1975.

Mary Robinson, Asst. State Appellate Defender, Ottawa, Ill., for petitioner.

Melbourne A. Noel, Jr., Asst. Atty. Gen., Chicago, Ill., for respondents.

## DECISION AND ORDER

ROBERT D. MORGAN, Chief Judge.

Petitioner seeks habeas corpus relief from his incarceration, which resulted from his conviction of armed robbery in Rock Island County, Illinois. Petitioner was sentenced on November 10, 1972, to a term of not less than 20 years nor more than 60 years in the penitentiary. An appeal was taken to the Illinois Appellate Court, Third District, which affirmed the conviction; and the Illinois Supreme Court denied leave to appeal. Opposing counsel here agree that petitioner has exhausted his state court remedies, and this court concurs.

The action is presently before the court on respondents' motion to dismiss or, in the alternative, to grant summary judgment. Upon the basis of the pleadings and memoranda before the court, there being no genuine issue of material fact for trial, the motion for summary judgment must be allowed.

Petitioner alleges that testimony introduced at trial was inadmissible hearsay and deprived him of his Sixth Amendment right to confront witnesses against him. The testimony which petitioner found objectionable was that of Officer Powell, the investigating officer. Powell had interviewed one Louis Williamson, who had been previously connected to the robbery by an eyewitness. Upon direct examination, the State's Attorney asked Powell if he arrested the petitioner based upon information received from Williamson. Petitioner's counsel objected on grounds of hearsay. The trial court ruled the question did not call for the testimony of Williamson, but for the testimony of Powell—that Powell based his arrest on tips. Neither the content of Williamson's statement nor the reliability of Williamson was sought or elicited. Upon later objection,

the trial court permitted the testimony to stand, but ruled that the content of Williamson's statement could not be admitted.

Petitioner raised the issue of the admissibility of Powell's testimony, alleging it to be inadmissible hearsay, on appeal to the Illinois Appellate Court. That court ruled that the testimony of Powell was not hearsay, and stated the purpose of the testimony was "not to show the truth of such statement but to show the reason why the witness followed the course of conduct which he did and the fact that he relied and acted upon the information so received." *People v. Thomas*, 25 Ill.App.3d 88, 322 N. E.2d 597, 600 (1975).

The issue before this court, on petition for writ of habeas corpus, is not the admission of the testimony as hearsay, but whether the petitioner was denied his constitutional right to confront witnesses against him.

■■ The mission of the Confrontation Clause is to assure that the trier of fact has a satisfactory basis for evaluating the truth of the testimony involved. *California v. Green*, 399 U.S. 149, 161, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970). The major reason for the constitutional right of confrontation is to give defendants the opportunity to cross-examine and thus test the truth of the statements of the witness. *Pointer v. Texas*, 380 U.S. 400, 406–407, 85 S.Ct. 1065, 13 L. Ed.2d 923 (1965).

Petitioner cites *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), for the proposition that where hearsay evidence bears directly on the defendant's guilt and where the evidence absent the hearsay evidence is not overwhelming, a conviction obtained through the use of such hearsay evidence cannot stand. *Bruton*, however, is a vastly different case from that of petitioner here. *Bruton* concerned a joint trial at which the contents of a statement by one codefendant was introduced as an admission against him. The statement implicated the co-

defendant as well. The Supreme Court held that an instruction limiting the use of the statement to be only against the declarant cannot be a substitute for the codefendant's right of confrontation when the declarant refuses to testify.

The petitioner had no right to confront on the issue of whether Williamson made a statement. Petitioner asserts, however, that by the reference to Williamson, the jury was invited to infer that he had identified petitioner as his accomplice, and, hence, that a real confrontation issue does exist. *Dutton v. Evans*, 400 U.S. 74, 91 S.Ct. 210, 27 L.Ed.2d 213 (1970), is a case with many similarities to that now before this court. The Supreme Court observed in *Dutton* that a confrontation issue does arise if the jury is invited to infer that the declarant had identified the defendant as the perpetrator of the alleged crime. During the trial of Evans, the defendant in *Dutton*, the prosecutor elicited an extra-judicial statement made by Evans' alleged accomplice. There was testimony that the accomplice stated, "If it hadn't been for Evans, we wouldn't be in this now." The Court held Evans' constitutional right to confront witnesses against him was not violated (400 U.S. at 88, 91 S.Ct. 210).

The Court considered several factors in determining whether the mission of the Confrontation Clause had been satisfied. First, the statement contained no express assertion of past fact. Second, the declarant was shown to have personal knowledge of the events. Third, the statement was not founded upon faulty recollection. Fourth, the statement was made under circumstances of reliability. The Court considered these indicia of reliability sufficient to place the statement before the jury, though there was no confrontation of the declarant. (400 U.S. at 89, 91 S.Ct. 210.) The Court also weighed the fact that the statement was not crucial or devastating. Twenty witnesses, including an eyewitness, had testified and were cross-examined by defense counsel.

Petitioner also cites *Favre v. Henderson,* 464 F.2d 359 (5th Cir. 1972), in support of his deprivation of confrontation argument. The defendant in *Favre* was tried separately from his alleged accomplice. The arresting officer was asked about his investigation, and he responded that he had a confidential informant. Upon being asked if he then sought the arrest of the defendant, he responded in the affirmative. The officer also testified as to the past reliability of the informant. The Fifth Circuit held the testimony served to bolster the identification of the defendant by the other witnesses and also served to create an inference that the informant thought the defendant was guilty. (464 F.2d at 362.) The court concluded that the statement did have hearsay aspects, in light of logical inferences to be made therefrom, even though the officer never testified to the contents of the statement. The court then proceeded to analyze the indicia of reliability discussed in *Dutton, supra.*

The Fifth Circuit considered nine factors, in total. First, the court noted that although the statement did carry a warning on its face to the jury against giving the statement undue weight, it did carry an assertion of fact. Second, there was no evidence of personal knowledge. Third, faulty recollection was not to be ruled out. Fourth, there were no other special circumstances providing reliability. Fifth, the evidence was extremely important, if not crucial. Sixth, the other witnesses did not create a strong case. Seventh, the testimony was not admitted under an exception to the hearsay rule. Eighth, there were no convincing eyewitnesses; and ninth, the defendant could not have subpoenaed the unidentified informant. The Fifth Circuit therefore concluded that the trier of fact had no satisfactory basis for evaluating the truth of the prior statement, and that the defendant was therefore denied his right of confrontation. (464 F.2d 364.)

Another case discussing indicia of reliability of out-of-court statements is *United States v. Leonard,* 161 U.S.App. D.C. 36, 494 F.2d 955 (1974). The court there noted that the case before it was different in three respects from *Dutton.* The instant case was a joint trial, the contested evidence was important, and the hearsay declarant was an accomplice. (494 F.2d at 970.) The D. C. Circuit found, nevertheless, that the circumstances were not sufficiently aggravated to violate the Confrontation Clause. The court took special note that the reliability of the extra-judicial statements was bolstered and that the statements' importance was diminished by the substantial and corroborative eyewitness testimony.

■ The situation before this court is much more like *Dutton* and *Leonard,* than like *Favre.* In the present case, three eyewitnesses to the robbery positively identified the petitioner as one of the robbers. Though this court considers that the reference to the statement of Williamson was not hearsay, and that because the content of the statement was not introduced so as to violate petitioner's right of confrontation, the circumstances surrounding Powell's testimony here, in any event, do assure that the trier of fact had a satisfactory basis for evaluating the truth of the prior statement. *California v. Green,* 399 U.S. 149, 161, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970).

The declarant, Williamson, was an alleged accomplice of the petitioner. The court is aware that statements of accomplices under police interrogation are inherently suspect, as noted in *Bruton v. United States,* 391 U.S. 123, 135–136, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The reliability of Williamson's statement to Powell, however, was bolstered, and the importance of the statement was diminished by the three positive identifications of the petitioner. Powell's testimony did not contain any express assertion about petitioner's guilt. Williamson had personal knowledge of Thomas, and some knowledge of the robbery on his part was supported by a roll of coins

 

from the robbery found in Williamson's suitcase. There was no suggestion that Williamson's recollection was faulty, since the statement was made soon after the robbery. The evidence of Williamson's statement was not crucial. The other witnesses did create a strong case. The three eyewitnesses were convincing.

The indicia of reliability here establish that the testimony was reasonably placed before the jury, even though there was no confrontation of Williamson by petitioner at the trail. Petitioner had adequate opportunity to cross-examine Powell on the issue of whether Williamson had actually made the statement, and to question the reliability of such statement before the jury. The purpose of the Confrontation Clause was fulfilled.

Petitioner also alleges, as a ground for a writ of habeas corpus, part of the closing argument of the state prosecutor. The prosecutor stated he could have paraded deputies onto the stand to testify what the eyewitnesses had stated to the deputies. The prosecutor then said such evidence was inadmissible and explained it was better to have the eyewitnesses testify themselves. Petitioner argues that the implication to be made was that the eyewitnesses would be corroborated in their identifications of the petitioner. The right to a fair trial as well as the right to confront witnesses are said to have been violated.

The petitioner is entitled to a fair trial, not necessarily a perfect one. *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 97 L.Ed. 593 (1953). While reference to what the deputies would have said if they had testified is improper, the prosecutor did have the right to explain why certain witnesses were not called. Any implication that could be made did not create serious prejudice. The burden of showing essential unfairness must be sustained by him who claims injustice and seeks to have the result set aside. *Buchalter v. New York,* 319 U.S. 427, 431, 63 S.Ct. 1129, 87 L.Ed. 1492 (1943). The re-

mark did not affect the overall fairness of the trial and did not constitute error of constitutional proportions. *Downie v. Burke,* 408 F.2d 343 (7th Cir. 1969). Any error on this score is harmless. *Schneble v. Florida,* 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972).

Accordingly, it is ordered that respondent's motion for summary judgment is allowed and the petition for writ of habeas corpus is denied.